1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRINGTON HENDERSON, | Case No.  1:15-cv-00412-BAM-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| C/O ORPURT, | |
| Defendant. | (ECF No. 1) |
| | THIRTY-DAY DEADLINE |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Currently before the Court is Plaintiff's complaint, filed March 16, 2015.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 26, 2014 (ECF No. 4).

1

1    A complaint must contain "a short and plain statement of the claim showing that the

2  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

5  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

6  that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

7  Williams, 297 F.3d 930, 934 (9th Cir.2002).

8    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

9  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

10  1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be

11  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

13  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant

14  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

16  F.3d at 969.

17                                         **II.**

18                          **COMPLAINT ALLEGATIONS**

19    Plaintiff, formerly an inmate in the custody of the California Department of Corrections

20  and Rehabilitation (CDCR), brings this action against Defendant T. Orpurt, a correctional officer

21  employed by the CDCR at the Sierra Conservation Center at Jamestown.   It appears that

22  Plaintiff's complaint relates to conduct by Defendant Orpurt on September 3, 2014.

23    Plaintiff's complaint consists of a two page form for a civil action pursuant to 42 U.S.C.

24  § 1983.  Plaintiff names C/O Orpurt as a Defendant, but does not include a statement of claim.

25  Attached to the complaint is a copy of Plaintiff's inmate grievance regarding the conduct of C/O

26  Orpurt on September 3, 2014, along with the responses at the first and second level.   In the

27  complaint itself, Plaintiff fails to allege any facts.

28    Plaintiff is advised that the Court will not review Plaintiff's exhibits in order to make his

1  allegations complete.  Plaintiff must set forth all of his allegations in the text of the complaint.

2  Plaintiff does not need to set forth detailed allegations.  Plaintiff must state the legal basis of his

3  claim, i.e. what specific right was violated.  Plaintiff must also state the facts that support his

4  legal claim.  Plaintiff must allege facts indicating what conduct Defendant Orpurt engaged in that

5  deprived Plaintiff of his right.   Because Plaintiff has not alleged any conduct in the complaint, it

6  must be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

7  Should Plaintiff proceed with an amended complaint, he is advised of the following legal

8  principles.

9         The Civil Rights Act under which this action proceeds provides for liability for state

10  actors that cause "the deprivation of any rights, privileges, or immunities secured by the

11  Constitution."  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection

12  or link between the actions of the defendants, and the deprivation alleged to have been suffered

13  by the plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

14  U.S. 362 (1976).   The Ninth Circuit has held that "[a] person 'subjects' another to the

15  deprivation of a constitutional right, within the meaning of section 1983, if he does an

16  affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

17  legally required to do that causes the deprivation of which complaint is made."   Johnson v.

18  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19        Although accepted as true, "factual allegations must be sufficient to raise a right to relief

20  above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  A plaintiff must set

21  forth "the ground of his entitlement to relief."  Which "requires more than labels or conclusions,

22  and a formulaic recitation of the elements of a cause of action."   Id. at 555-56.   (internal

23  quotation marks and citations omitted).  To adequately state a claim against a defendant, a

24  plaintiff must set forth the legal and factual basis for his claim.

25        Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to

26  hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

27  that defendant is employed and in what capacity, and explain how that defendant acted under

28  color of state law.  Plaintiff should state clearly, in his or her own words, what happened.

1    Plaintiff must describe what each defendant, *by name*, did to violate the particular right described

2    by Plaintiff.

### III.

### CONCLUSION AND ORDER

5            For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

6    be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll

7    v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

8    suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605,

9    607 (7th Cir. 2007)(no "buckshot" complaints).

10           Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

11   each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

12   Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the

13   duties and responsibilities of each individual defendant whose acts or omissions are alleged to

14   have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

15   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

16   above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

17           Based on the foregoing, it is HEREBY ORDERED that:

18           1.      The Clerk's Office shall send to Plaintiff a civil rights complaint form;

19           2.      Plaintiff's complaint is dismissed for failure to state a claim;

20           3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

21                   an amended complaint; and

22           4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

23                   action will be dismissed, with prejudice, for failure to state a claim.

24
     IT IS SO ORDERED.
25

26       Dated:   **November 19, 2015**            /s/ *Barbara A. McAuliffe*           _

27                                                 UNITED STATES MAGISTRATE JUDGE

28

4