# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRINGTON HENDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>T. ORPURT,<br><br>    Defendant. | Case No.  1:15-cv-00412-BAM-PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND FOR FAILURE TO OBEY A COURT ORDER |

Plaintiff Henderson is a former state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

By order filed November 19, 2015, the March 16, 2015 complaint was dismissed for failure to state a claim upon which relief could be granted. (ECF No. 8.) Plaintiff was granted leave to file an amended complaint, and directed to do so within thirty days.  Plaintiff has not filed an amended complaint.

In the November 19, 2015, order, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted.  The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with the Court's order.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 26, 2015.  (ECF No.4.)

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since March 2015. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's November 19, 2015 order granting Plaintiff leave to amend his complaint expressly stated, if Plaintiff fails to file an amended complaint in compliance with this order, this action

will be dismissed, with prejudice, for failure to state a claim." (ECF No. 8.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Plaintiff has not filed an amended complaint and more than thirty days has elapsed.  The Court dismisses the claims made in the original complaint with prejudice for failure to state a federal claim upon which the Court could grant relief.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(prisoner must be given notice of deficiencies and an opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted and for failure to obey a court order.  The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 6, 2016**              /s/ *Barbara A. McAuliffe*            
                                            UNITED STATES MAGISTRATE JUDGE